UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COMMODITIES RELOCATION, INC.,   )
    Plaintiff,   )
       )
  vs.   )    1:04-cv-0873 RLY/TAB
       )
GARY D. GARDNER, GARY D.   )
GARDNER d/b/a PHOENIX LOGISTICS I,)
LTD., GARDNER TRUCKING, INC., and )
TRAILINER CORP.,   )
    Defendants.   )

**ENTRY ON DEFENDANT TRAILINER CORP.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

This matter is before the court on Defendant Trailiner Corp.'s Motion for Summary Judgment and on its Motion to Strike Plaintiff Commodities Relocation, Inc.'s Overlength Response Brief and Surreply Brief in Opposition to Trailiner's Motion for Summary Judgment. For the following reasons, Trailiner's Motion to Strike is **denied** and its Motion for Summary Judgment is **granted.**

**I.   Background**

Commodities is an owner of trucks and trailers, which it leases to regulated motor carriers. Trailiner is a regulated motor carrier and broker. Gary Gardner d/b/a Phoenix Logistics is a regulated motor carrier who leased trucks from Commodities and acted as a freight solicitation agent for Trailiner; that is, Gardner leased the Commodities trucks and used them to transport Trailiner's freight.

1

Commodities and Gardner entered into their first lease in February 2001. Between early 2001 and mid-2002, Gardner fell behind in his payments to Commodities. In the summer of 2002, Gardner wanted to enter into a new lease, but Commodities was reluctant to do so because of Gardner's history of non-payment. As such, "Gardner told Commodities that he would cause Trailiner to establish an escrow account for the benefit of Commodities to pay lease and insurance payments if Gardner failed." (Commodities' Brief in Opposition to Summary Judgment at 9). Gardner's representation that he would have Trailiner establish an escrow account is the "oral agreement" discussed herein. Subsequently, the new written lease (the "Lease") was finalized and signed by Gardner on behalf of Phoenix Logistics and by Jeff Turner on behalf of Commodities. (*See* Plaintiff's Ex. B24 (Executed Transportation Truck & Trailer Lease). The new Lease contained a written provision affirming the oral agreement. (*Id.* at ¶ H)

Between August 2002 and December 2003, Gardner's payments were untimely. By the time Gardner returned the last piece of leased equipment to Commodities, he owed Commodities in excess of $100,000. In April 2004, Commodities filed suit against Gary Gardner, Gary Gardner d/b/a Phoenix Logistics, Gardner Trucking, and Trailiner. In May 2004, the case was removed to this court, and in August 2004, default judgment was entered in Commodities' favor against Gary Gardner, Gary Gardner d/b/a Phoenix Logistics, and Gardner Trucking.

In its two-count Amended Complaint, Commodities seeks to recoup the financial damages that it suffered as a result of the breach of the Lease and breach of the oral

2

agreement. Commodities alleges that Trailiner is liable because Gary Gardner, acting as Trailiner's agent, bound Trailiner to terms of the lease and the oral agreement; accordingly, Trailiner was required to create an escrow account and to ensure that Commodities was paid under the Lease.

## II.     The Motion to Strike

Commodities filed a 59-page Brief in Opposition to Trailiner's Motion for Summary Judgment. Following its submission of the brief, Commodities filed a Motion for Leave to File a Brief in Excess of 35 Pages, which the court granted. In its Motion to Strike, Trailiner argues that Commodities' opposition brief should be stricken because it is overlength, in violation of Local Rule 7.1(b). Because the court considered and granted Commodities' Motion for Leave, albeit after the fact of the overlength brief being filed, Trailiner's Motion to Strike the opposition brief is denied.

Trailiner also argues that Commodities' surreply brief should be stricken pursuant to Local Rule 56.1(d). Upon review, the court finds that Commodities' surreply serves to clarify matters and does not prejudice Trailiner; as such, Trailiner's Motion to Strike the surreply is denied.

## III.    Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative.

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court views the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

**IV.   Analysis**

Trailiner argues for summary judgment on the grounds that Gardner is not its agent and, even if he were, Gardner did not purport to act on Trailiner's behalf when he entered into the Lease and oral agreement in question. Commodities opposes summary judgment by arguing that both Gardner's oral representations and the written Lease reflect an intent to bind Trailiner to the agreement.

The issue of whether Gardner was Trailiner's agent presents questions of fact regarding Gardner's actual or apparent authority. *See Johnson v. Blankenship*, 679 N.E.2d 505, 507 (Ind. Ct. App. 1997); *see also* Commodities' Brief in Opposition to Summary Judgment at 6-12 and exhibits cited therein. Thus, the court turns to Trailiner's

argument that, even if Gardner were Trailiner's agent, Trailiner is entitled to summary judgment because it was not a party to the Lease and did not ratify, accept benefits from, or breach any oral agreement with Commodities.

The Lease identifies Commodities as the Lessor and "Gary D. Gardner, d.b.a. Phoenix Logistics I, LTD, 2621 Broadway, Mattoon, IL 61938" as the Lessee. (Plaintiff's Ex. B24). The only mention of Trailiner in the Lease appears in Paragraph H, which states that the Lessee (Gardner) agrees "[t]o contribute into an escrow account held by Trailiner . . . Lessee shall instruct Trailiner to withhold from subject truck earnings sufficient monies to guarantee payment obligations each month . . . ." *Id.* Thus, while Gardner was obligated to initiate an escrow account with Trailiner, Trailiner itself was not a party to the Lease.

"A person cannot typically be held liable for breach of contract unless it is shown that she was a party to the contract." *DiMizio v. Romo*, 765 N.E. 2d 1018, 1021-22 (Ind. Ct. App. 2001). Commodities attempts to overcome this general rule by arguing that because a Trailiner account executive, Tony Atkinson, spoke with a Commodities employee, Jeff Turner, about the possibility of an escrow account being created, Trailiner acquiesced in the terms of the Lease.

The evidence at bar shows that, while Atkinson did take a phone call from Turner about the escrow account, he in no way committed Trailiner to participating in such an account. Specifically, Atkinson and Turner spoke on August 1, 2002, and Turner took notes. (Plaintiff's Ex. B61 (Turner's notes)). Turner's deposition testimony reveals that

5

he and Atkinson discussed the topic of an escrow account, but they did not agree that an escrow account would be created:

> Q: Returning to the idea that paragraph H of Exhibit 24 was important to you, you have told us earlier that you had called Tony Atkinson in the negotiation stage and that Tony did not know what you were talking about, that he was hearing it for the first time, correct?
> A: Correct.
> Q: Am I correct that you did not call Tony back, either before or at August the 5th, 2002, to verify that Trailiner now knew that paragraph H existed and knew the contents of it?
> A: Correct.
> Q: So you signed the lease, not having confirmed with Tony Atkinson, that Trailiner knew and was accepting an escrow agreement concerning this lease, Exhibit 24?
> A: I felt that – my conversation –
> Q: I just want to know if you made a phone call.
> A: My conversation with Gary Gardner – I'm sorry, with Tony Atkinson, he was aware of Gary Gardner, he knew Gary Gardner. After I had shared with Tony Atkinson that the information was exchanged and he would have to look into it, Gary Gardner had shared with me that he had taken care of that. So I worked under the assumption at that point that it had been taken care of, yes.
> Q: And the person you got your assumption from was named who?
> A: Through Gary Gardner.

(Turner Deposition at 87-88). Turner's "assumption" that Gardner's supposed escrow account with Trailiner "had been taken care of" is not sufficient to bind Trailiner. *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005) ("[t]he intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it) (citing *Centennial Mortgage, Inc. v. Blumenfeld*, 745 N.E.2d 268, 277 (Ind. Ct. App. 2001)). There is no evidence to suggest that Gardner was acting on Trailiner's behalf, and the Lease clearly identifies Gardner as signing on behalf of Phoenix Logistics.

6

(Plaintiff's Ex. B24).

Commodities also argues that the Lease is ambiguous and that Commodities' claims can thus survive summary judgment. The court disagrees. The sole and unambiguous intent reflected in the Lease is that of Gary Gardner on behalf of Phoenix Logistics and of Jeff Turner on behalf of Commodities. (Plaintiff's Ex. B24; *see also Bank of Pawnee v. Joslin*, 521 N.E. 2d 1177, 1182-83 (Ill. App. Ct. 1988) ("where an agent signs a contract in his own name and the contract nowhere mentions the existence of an agency or the identity of the principal, parol evidence is not admissible to denounce the agent's personal liability")). There is not any manifestation of mutual assent between Trailiner and Commodities, and Trailiner is therefore not bound by the terms of the Lease. *See*, *e.g.*, *Homer v. Burman*, 743 N.E.2d 1144, 1146 (Ind. Ct. App. 2001) ("mutual assent or a meeting of the minds on all essential elements or terms must exist in order to form a binding contract"); *see also Hyperbaric Oxygen Therapy Sys. v. St. Joseph Med. Ctr.*, 683 N.E.2d 243, 247-48 (Ind. Ct. App. 1997), *trans. denied*, ("[t]his court will not construe clear and unambiguous provisions") (citation omitted).

Finally, it would be peculiar, albeit not impossible, for the court to find that Commodities and Gardner entered into two agreements on August 5, 2002, one oral and one written. Given that Commodities has presented no evidence to show that Gardner made an oral representation that he was acting on behalf of Trailiner, Trailiner is entitled to summary judgment regarding the oral agreement referenced in Count II of the Amended Complaint. Again, Turner's "assumption" that Gardner had worked things out

7

with Trailiner is insufficient to be binding.  *See Heritage Development of Indiana, Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 889 (Ind. Ct. App. 2002) ("an agent's authority may not be predicated solely upon the declarations of the alleged agent").

## V.    Conclusion

Trailiner's Motion to Strike is **denied** as to Commodities' overlength brief and as to Commodities' surreply.  Based upon review of the parties' briefs and the relevant authority, Trailiner's Motion for Summary Judgment is **granted**.  Even in the light most favorable to Commodities, Trailiner is not bound by either the written lease or the oral agreement between Commodities and Gardner.

**Dated:  August 24, 2005.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Melvin Randolph Daniel
DANN PECAR NEWMAN & KLEIMAN PC
mdaniel@dannpecar.com

John F. Ittenbach
SHEEKS ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@sheeks-ittenbach.com

Cynthia M Kirk
DANN PECAR NEWMAN & KLEIMAN
ckirk@dannpecar.com

Bruce McCurry
CHANEY & McCURRY LLP
bmccurry@bjklaw.com

Richard Timm Trettin
ITTENBACH JOHNSON TRETTIN & KOELLER
rttrettin@aol.com